**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-----------------------------------------------------------------x
: 
In re:                                                        :    Chapter 11
                                                              :
HO WAN KWOK, *et al.*,[1]                                     :    Case No. 22-50073 (JAM)
                                                              :
                          Debtors.                            :    (Jointly Administered)
                                                              :
-----------------------------------------------------------------x
                                                              :
LUC A. DESPINS, CHAPTER 11                                    :
TRUSTEE,                                                      :
                                                              :    Adv. Proceeding No. 25-05096
                          Plaintiff,                          :
                                                              :
v.                                                            :
                                                              :
MONSTAR AIR HEATING & COOLING LLC,                            :
                                                              :
                                                              :
                          Defendant.                          :
-----------------------------------------------------------------x

**REQUEST OF CHAPTER 11 TRUSTEE FOR ENTRY OF DEFAULT AGAINST**
**MONSTAR AIR HEATING & COOLING LLC PURSUANT TO FEDERAL**
**RULE OF CIVIL PROCEDURE 55(a) AND FEDERAL**
**RULE OF BANKRUPTCY PROCEDURE 7055**

Plaintiff Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed

in the chapter 11 case of Ho Wan Kwok (the "Debtor"), respectfully requests the entry of default

against defendant MonStar Air Heating & Cooling LLC (the "Defaulting Defendant") in the

above-captioned adversary proceeding (the "Adversary Proceeding").  Attached as **Exhibit A** is

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the *Declaration of Kari A. Mitchell in Support of Request for Entry of Default*.  Attached as **Exhibit B** is a proposed form of entry of default.

The Trustee represents that the adversary complaint [Adv. Proc. Docket No. 1] (the "Complaint") was properly served upon the Defaulting Defendant and that the Defaulting Defendant filed an answer [Adv. Proc. Docket No. 13], as well as an amended answer [Adv. Proc. Docket No. 22] to the Complaint. Thereafter, on April 6, 2026, the Defaulting Defendant's counsel withdrew his appearance [Adv. Proc. Docket No. 28], and as of this date, the Defendant is not appearing in this Adversary Proceeding, nor can it proceed *pro se* as a corporate entity. Accordingly, the Defaulting Defendant has failed to defend against the Trustee's claims and is subject to default. *See* Fed. R. Civ. P. 55(a) (made applicable by Fed. R. Bankr. P. 7055).


*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]*

WHEREFORE, the Trustee, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 7055-1 of the Local Rules of Bankruptcy Procedure for the District of Connecticut, respectfully requests that the Clerk of the Bankruptcy Court for the District of Connecticut enter default against the Defaulting Defendant for failure to appear and defend in this Adversary Proceeding.

Dated: April 7, 2026          LUC A. DESPINS,
      New Haven, CT          CHAPTER 11 TRUSTEE

                               By: */s/ Kari A. Mitchell*
                                   Patrick R. Linsey (ct29437)
                                   Kari A. Mitchell (ct31578)
                                   Erin T. Ryan (ct32005)
                                   Douglas S. Skalka (ct00616)
                                   NEUBERT, PEPE & MONTEITH, P.C.
                                   195 Church Street, 13th Floor
                                   New Haven, Connecticut 06510
                                   (203) 821-2000
                                   plinsey@npmlaw.com
                                   kmitchell@npmlaw.com
                                   eryan@npmlaw.com
                                   dskalka@npmlaw.com

                                   *Counsel for the Chapter 11 Trustee*

**<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                :

In re:                            :   Chapter 11
                                :

HO WAN KWOK, *et al.*,[1]     :   Case No. 22-50073 (JAM)
                                :

           Debtors.        :   (Jointly Administered)
                                :

---------------------------------------------------------------x
                                :

LUC A. DESPINS, CHAPTER 11  :
TRUSTEE,                   :
                                :   Adv. Proceeding No. 25-05096
          Plaintiff,      :
                                :
v.                            :
                                :
MONSTAR AIR HEATING & COOLING LLC,  :
                                :
                                :
          Defendant.    :
---------------------------------------------------------------x

**DECLARATION OF KARI A. MITCHELL IN SUPPORT OF REQUEST OF CHAPTER 11 TRUSTEE FOR ENTRY OF DEFAULT AGAINST MONSTAR AIR HEATING & COOLING LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7055**

I, Kari A. Mitchell, declare:

1.      I am counsel at the law firm of Neubert, Pepe & Monteith, P.C., 195 Church Street, 13th Floor, New Haven, Connecticut 06510 and counsel for Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"),

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

individual debtor in the above-captioned jointly administered cases (collectively, the "Chapter 11 Cases").

2.      I respectfully submit this declaration based upon personal knowledge and my review of relevant documents in support of the Trustee's request for entry of default by the Clerk of the Bankruptcy Court for the District of Connecticut (the "Clerk of the Court") in the above-captioned adversary proceeding, in accordance with Rule 7055 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7055-1 of the Local Rules of Bankruptcy Procedure for the District of Connecticut, against defendant MonStar Air Heating & Cooling LLC (the "Defaulting Defendant").

3.      On August 15, 2025, the Trustee commenced this adversary proceeding by filing an adversary complaint [Adv. Proc. Docket No. 1] (the "Complaint") against the Defaulting Defendant.[2]

4.      On August 18, 2025, the Clerk of the Court issued a *Summons in an Adversary Proceeding* [Adv. Proc. Docket No. 2] (the "Summons").[3]

5.      On August 22, 2025, the Trustee filed the Notice of Applicability of Avoidance Action Procedures [Adv. Proc. Docket No. 5] (the "Procedures Notice," together with the Complaint and Summons, collectively, the "Served Documents").

6.      The undersigned certifies that the Served Documents were served on the Defaulting Defendant on August 25, 2025 via first-class U.S. Mail and Federal Express overnight delivery to 95 County Route 93, New Hampton, NY 10958, Attn: Officer, General Managing Agent, which is the registered address for service as listed in the database maintained by the Secretary of State

---

[2]    A copy of the Complaint is annexed to this declaration as **Exhibit 1**.

[3]    A copy of the Summons is annexed to this declaration as **Exhibit 2**.

in the state of incorporation. The foregoing is memorialized in the Trustee's *Certificate of Service Regarding Summons and Adversary Complaint* [Adv. Proc. Docket No. 8] (the "Certificate of Service").[4]

7.     On the basis of the above, the Trustee submits that the Defaulting Defendant was properly served with the Summons and Complaint.

8.     On November 10, 2025, the Defaulting Defendant appeared in this Adversary Proceeding through counsel, *i.e.*, Scott M. Charmoy [Adv. Proc. Docket No. 12] (the "Defaulting Defendant's Counsel").

9.     The Trustee's claims against the Defaulting Defendant were stayed pursuant to the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Avoidance Action Procedures Order* [Main Case ECF No. 3163], which stay was lifted as ordered by the Court at a hearing on November 3, 2025, and as memorialized in the Court's *Order: (A) Granting in Part Chapter 11 Trustee's Motion for Entry of Order Amending Avoidance and Mediation Procedures; and (B) Entering Avoidance Actions Pretrial Order* [Main Case ECF No. 4828] (the "Avoidance Pretrial Order").

10.     Pursuant to the Avoidance Pretrial Order (at p. 8), the Defendant's deadline to file an Answer was December 15, 2025.

11.     On December 15, 2025, the Defaulting Defendant filed an answer to the Complaint [Adv. Proc. Docket No. 13].

12.     The Defaulting Defendant then filed an Amended Answer to the Complaint, with permission of the Court, on March 25, 2026 [Adv. Proc. Docket No. 22].

---

[4]     A copy of the Certificate of Service is annexed to this declaration as **Exhibit 3**.

13.   On April 6, 2026, the Defaulting Defendant's appearing counsel withdrew his appearance (the "Withdrawal") [Adv. Proc. Docket No. 28].

14.   Since the Withdrawal, the Defaulting Defendant has failed to appear in this Adversary Proceeding through successor counsel and is now an unrepresented corporate entity that cannot proceed *pro se*. As of this date, the Defendant is no appearing in this Adversary Proceeding.

15.   I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct. Executed on April 7, 2026, at New Haven, CT.

/s/ *Kari A. Mitchell*
Kari A. Mitchell, Esq.
NEUBERT, PEPE & MONTEITH, P.C.

4

**EXHIBIT 1**

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

| PARTY (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
----------------------------------------------------x
                                                    :
In re:                                              :     Chapter 11
                                                    :
HO WAN KWOK, et al.,[1]                             :     Case No. 22-50073 (JAM)
                                                    :
                        Debtors.                    :     (Jointly Administered)
                                                    :
----------------------------------------------------x
                                                    :
LUC A. DESPINS, CHAPTER 11                          :
TRUSTEE,                                             :
                                                    :     Adv. Proceeding No. 25- [        ]
                        Plaintiff,                  :
v.                                                  :
                                                    :
                                                    :     August  15, 2025
MONSTAR AIR HEATING &                               :
COOLING, LLC,                                       :
                                                    :
                        Defendant.                  :
                                                    x
------------------------------------------------------
```

### COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE AND RECOVERY OF POSTPETITION TRANSFERS AND RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 549 AND 550

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

adversary complaint (the "Complaint") against defendant MonStar Air Heating & Cooling, LLC

(the "Defendant"), stating as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## NATURE OF ACTION

1.     The Trustee commences this adversary proceeding to avoid and recover transfers of property of the Debtor's chapter 11 estate after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court or under Title 11 of the United States Code (the "Bankruptcy Code").

2.     The Debtor, through his alter-ego shell company Hamilton Opportunity Fund SPC ("Hamilton Opportunity") through its conduit Buck Esq LLC ("Buck Esq"), transferred funds in the amount of $265,810.00 after the Petition Date (as defined herein) to the Defendant as the initial transferee.

3.     Because these postpetition transfers of estate property were not authorized by the Court or under the Bankruptcy Code, they are subject to avoidance and recovery under sections 549 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

5.     This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

6.     The statutory predicates for the relief sought herein include sections 549 and 550 of the Bankruptcy Code.

## THE PARTIES

7.     The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

2

8.      The Defendant is a New York limited liability company with an address of 95 County Route 93, New Hampton, New York 10958.

## FACTS

### A.      Chapter 11 Case

9.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Court" or the "Bankruptcy Court"), thus commencing the Chapter 11 Case.

10.      On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.  No examiner has been appointed.

11.      The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[2]  While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter ego shell companies, including Hamilton Opportunity.

12.      On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Bankruptcy Court entered an order granting the

---

[2]      Schedule of Assets and Liabilities, at 1 [Main Case Docket No. 78].

3

appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

**B.      Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

13.      Hamilton Opportunity is among the numerous alter ego shell companies used by the Debtor to hinder, delay, and/or defraud his creditors.  For years, the Debtor has orchestrated a "shell game," employing a convoluted web of shell companies, nominally owned by family members, lieutenants, and/or subordinates, but in reality, controlled by the Debtor.  This shell game enabled the Debtor to use and spend and/or transfer millions of dollars of cash and other assets—while concealing his property from creditors.

14.      Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter egos and/or that such companies and their assets were equitably owned by the Debtor and in several such adversary proceedings, the Bankruptcy Court has already granted such relief.[3]

15.      The Trustee is pursuing the same or substantially similar relief with respect to Hamilton Opportunity in *Despins v. ACA Capital Group Ltd,* et al. [Adv. Proc. No. 24-05249] (the "Omnibus A.P."). The Trustee refers to and incorporates herein his Amended Complaint filed in the Omnibus A.P. (Omnibus A.P., Docket No. 106).  The Trustee further asserts (without waiver

---

[3]    Adversary proceedings in which the Trustee is seeking or has obtained such relief include, in addition to Omnibus A.P., the following: (i) *Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC*, et al. [Adv. Proc. No. 22-05003];  (ii) *Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC*, et al. [Adv. Proc. No. 23-05005]; (iii) *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008]; (iv) *Luc A. Despins, Chapter 11 Trustee v. HCHK Technologies, Inc.*, et al. [Adv. Proc. No. 23-05013]; (v) *Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC*, et al. [Adv. Proc. No. 23-05017]; (vi)  *Luc A. Despins, Chapter 11 Trustee v. Golden Spring (New York) Limited* [Adv. Proc. 23-05018]; (vii) *Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC*, et al. [Adv. Proc. 23-05023]; (viii) *Luc A. Despins, Chapter 11 Trustee v. Bouillor Holdings Limited*, et al. [Adv. Proc. No. 24-05311], and (ix) *Luc A. Despins, Chapter 11 Trustee v. AA Global Ventures Limited*, et al. [Adv. Proc. No. 24-05322].

4

of any claims against Buck Esq or related entities or individuals) that Transfers described in this Complaint made via Hamilton Opportunity further utilized Buck Esq as a conduit prior to their receipt by the Defendant. Thus, the Defendant was the initial transferee.

16. The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

**C.     Debtor's Shell Game and Fraud Continues Postpetition**

17. As of the Petition Date, all of the Debtor's property held through his alter egos, including the Hamilton Opportunity, became property of the chapter 11 estate. *See* 11 U.S.C. § 541(a)(1).

18. Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers through numerous alter ego shell companies, including, without limitation, Hamilton Opportunity.

19. None of these postpetition transfers were authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

**D.     Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

20. The Transfers at issue in this Complaint were made with the intent to hinder, delay, and/or defraud the Debtor's creditors inasmuch as they were all made through the Debtor's alter-ego shell company operated as a part of the Debtor's shell game.

21. The Debtor intentionally orchestrated his financial affairs in this manner in order to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many

5

creditors. The Debtor claimed to be destitute while simultaneously spending heavily to maintain a billionaire lifestyle for himself and for his family members and close associates.

22.     The assets concealed and dissipated by the Debtor included funds that he obtained from the victims of his cryptocurrency, securities, and other fraud schemes. As a result of this conduct, the Debtor was convicted of multiple felony fraud, money laundering, and racketeering charges in a criminal case pending in the U.S. District Court for the Southern District of New York. *See United States v. Ho Wan Kwok*, case no. 1:23-cr-00118-AT [ECF No. 395] (July 18, 2024 S.D.N.Y.).

23.     The Debtor knew and intended that by concealing and dissipating his assets in this manner there would not be sufficient assets remaining to repay his creditors—including the many victims of his frauds. These transfers were thus necessarily made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

**E.     Tolling of Avoidance Claims**

24.     On February 15, 2024, the Court entered its *Memorandum of Decision and Order Granting in Part Motion to Extend Deadlines* [Main Case Docket No. 2921] (the "Tolling Order"), in which the Court, pursuant to Bankruptcy Rule 9006(b), extended the time limitations set forth in Sections 108, 546, and 549 of the Bankruptcy Code for the Trustee to commence avoidance actions through and including August 15, 2024.

25.     In the Tolling Order, the Court found that since the Petition Date, the Debtor has, among other things, filed incomplete or inaccurate schedules and statements of financial affairs, failed to provide books and records to the Trustee, and otherwise failed to cooperate with the Trustee, all in flagrant disregard for his obligations as a debtor under the Bankruptcy Code. (Tolling Order at p. 14.).

6

26.     The Debtor's family members and other individuals and entities associated with him have likewise obstructed the Trustee's investigation, as evidenced by the Court's entry of "at least eight orders holding the … Debtor, his daughter, [Mei] Guo, and entities allegedly controlled by the … Debtor in contempt for failure to turn over assets and discovery abuse." (*Id.* at p. 15.). The Court found the "noncompliance with this Court's orders in these jointly administered chapter 11 cases, is extraordinary" (*id.*), and that, in the face of such obstruction, the Trustee's investigation has been "more than reasonably diligent." (*id.* at p. 17). Since February 2024, the Trustee has filed more than 280 adversary proceedings. (*See* Main Docket, generally).

27.     On August 14, 2024, the Court entered its *Order Granting Second Motion for Extension of Deadline for Trustee to File Avoidance Actions* [Main Case Docket No. 3417] (the "Second Tolling Order"), further extending the time limitations set forth in Sections 108, 546, and 549 of the Bankruptcy Code for the Trustee to commence avoidance actions through February 15, 2025, and noting the continued obstacles to the Trustee's investigation and the Trustee's diligence in conducting same (Second Tolling Order at pp. 2-3).

28.     On February 14, 2025, the Court entered its *Order Granting in Part Third Motion for Extension of Deadline for Trustee to File Avoidance Actions* [Main Case Docket No. 4106] (the "Third Tolling Order"), further extending the time limitations set forth in Sections 108, 546, and 549 of the Bankruptcy Code for the Trustee to commence avoidance actions through August 15, 2025, and noting the continued obstacles to the Trustee's investigation and the Trustee's diligence in conducting same (Third Tolling Order at p. 3).

29.     The Trustee has acted diligently in investigating and pursuing the claims asserted in this Complaint.

7

30.     In light of, among other things, the extraordinary obstruction that the Trustee has faced in conducting his diligent investigation, the balance of the equities strongly favors equitable tolling of any statutes of limitations applicable to the claims asserted herein.

**F.     Transfers to Defendant**

31.     Subsequent to the Petition Date, the Debtor, through his shell company, Hamilton Opportunity through its conduit Buck Esq, or otherwise, transferred property of the estate to the Defendant (the "Transfers"), including, without limitation, as follows:

See **SCHEDULE A** attached hereto and made a part hereof.

32.     At the time of the Transfers, the Debtor had outstanding obligations to creditors of the Debtor's estate.

33.     The Defendant was the initial transferee of the Transfers.

**FIRST CLAIM**

**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

34.     The Trustee repeats and realleges the allegations contained in paragraphs 1-33 as if fully set forth herein.

35.     The Transfers were made to the Defendant by the Debtor, including through his alter ego, Hamilton Opportunity.

36.     The Transfers occurred after the Petition Date.

37.     The Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

38.     The Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

39.     The Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

8

40.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Transfers, or the value thereof, from the Defendant plus interest thereon to the date of payment and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.    On the First Claim, an order (a) declaring that the Transfers in an amount not less than $265,810.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Transfers be set aside; and (c) recovery of the Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

2.    Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

3.    Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

Dated:  August 15, 2025          LUC A. DESPINS,
        New Haven, CT         CHAPTER 11 TRUSTEE


By: */s/ Douglas S. Skalka*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com
    *Counsel for the Chapter 11 Trustee*

10

## SCHEDULE A

| ID # | Transferor | Date | Amount |
|---|---|---|---|
| 1 | Buck Esq LLC | 2/22/22 | $ (80,000.00) |
| 2 | Buck Esq LLC | 3/3/22 | (12,084.00) |
| 3 | Buck Esq LLC | 3/21/22 | (3,650.00) |
| 4 | Buck Esq LLC | 5/24/22 | (160,000.00) |
| 5 | Buck Esq LLC | 8/4/22 | (8,476.00) |
| 6 | Buck Esq LLC | 9/26/22 | (1,600.00) |
| **Total - Payments to MonStar Air Heating & Cooling LLC** | | **$** | **(265,810.00)** |

**EXHIBIT 2**

# United States Bankruptcy Court

## District of Connecticut



In re:

HO WAN KWOK, *et al.,* [1]

Debtors

Case Number: 22-50073

Chapter: 11

(Jointly Administered)

Luc A. Despins, Chapter 11 Trustee,

Plaintiff,

v.

MonStar Air Heating & Cooling, LLC

Defendant(s)

Adversary Proceeding
No: 25-5096

## SUMMONS IN AN ADVERSARY PROCEEDING

**To the Plaintiff:**

In accordance with Fed. R. Bankr. P. 7004(e), on or before **August 25, 2025**, you must serve this Summons and a copy of the Complaint filed on August 15, 2025, on all Defendants in accordance with Fed. R. Bankr. P. 7004(a) or (b), except any Defendants to be served in a foreign country.

If service is made on any named Defendants in a foreign country, you must serve this Summons and a copy of the Complaint filed on August 15, 2025, on all such named Defendants in accordance with Fed. R. Civ. P. 4(f), (h), and (j), made applicable by Fed. R. Bankr. P. 7004(a)(1).

You must also complete the attached Certificate of Service of Process and file the completed Certificate with the Bankruptcy Court electronically or at the address listed on the second page of this Summons.

**To the Defendant(s):**

YOU ARE SUMMONED and, if you are a Defendant properly served with this Summons and the Complaint in accordance with the instruction above and applicable rules within a judicial district of the United States, pursuant to Fed. R. Bankr. P. 7012(a), you are required to file, electronically or with the Clerk of the Bankruptcy Court at the address in this Summons, a motion or answer to the Complaint on or before 60 days from the service of this Summons.

If you are a Defendant served with this Summons and the Complaint in a foreign country, you are required to file, electronically or with the Clerk of the Bankruptcy Court at the address in this Summons, a motion or answer to the Complaint within 60 days from proper service of the Summons and Complaint, unless the Court orders a different deadline to file a motion or answer to the Complaint upon motion made pursuant to Fed. R. Bankr. P. 7012(a).

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

At the same time, you must also serve a copy of the motion or answer upon the Plaintiff's attorney:

| |
|---|
| Douglas S. Skalka<br>NEUBERT, PEPE & MONTEITH, P.C.<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510 |

If you make a motion under Fed. R. Bankr. P. 7012, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Dated: **August 18, 2025**

Pietro Cicolini
Clerk of Court

United States Bankruptcy Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

## CERTIFICATE OF SERVICE OF PROCESS

**Adv. Pro. Number: 25-5096**

I, _____, certify that service of this Summons and a
          (name)
**copy of the complaint was made on** _____**by** (*check one below*):
                             (date)

☐         **Mail service**: Regular, First-Class United States mail, postage fully pre–paid, addressed to:

☐         **Personal Service**: By leaving the process with defendant or with an officer or agent of defendant at:

☐         **Residence Service**: By leaving the process with the following adult at:

☐         **Certified Mail Service on an Insured Depository Institution**: By sending the process by certified mail addressed to the following officer of the defendant at:

☐         **Publication**: The defendant was served as follows:

☐         **State Law**: The defendant was served pursuant to the laws of the State of _____, as follows:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
Date

_____
Signature

_____
Print Name

_____
Business Address

_____
City, State, Zip

**EXHIBIT 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
-----------------------------------------------------------x
                                               :
In re:                                         : Chapter 11
                                               :
HO WAN KWOK, et al.,[1]                        : Case No. 22-50073 (JAM)
                                               :
                 Debtors.                      : (Jointly Administered)
                                               :
-----------------------------------------------------------x
                                               :
LUC A. DESPINS, CHAPTER 11                     :
TRUSTEE,                                       :
                                               :
                                               : Adv. Proceeding No. 25-05096
                 Plaintiff,                    :
v.                                             :
                                               :
                                               :
MONSTAR AIR HEATING & COOLING LLC,             :
                                               :
                 Defendant.                    :
-----------------------------------------------------------x
```

**CERTIFICATE OF SERVICE REGARDING SUMMONS, COMPLAINT, AND NOTICE
OF APPLICABILITY OF AVOIDANCE ACTION PROCEDURES**

On August 15, 2025, Luc A. Despins, in his capacity as the chapter 11 trustee (the

"Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), filed his *Adversary Complaint* and certain exhibits thereto [Adv. Proc. ECF No. 1]

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

(collectively, the "Complaint") using the Court's case management/electronic case files system ("CM/ECF").

On August 18, 2025, the *Summons in an Adversary Proceeding* [Adv. Proc. ECF No. 2] (the "Summons") was issued via CM/ECF.

On August 22, 2025, the Trustee filed the *Notice of Applicability of Avoidance Action Procedures* [Adv. Proc. ECF. No. 5] (the "Procedures Notice, and, together with the Complaint and the Summons, collectively, the "Served Documents") via CM/ECF.

On August 25, 2025, I caused the Served Documents to be sent via first-class U.S. Mail and via Federal Express overnight delivery to defendant MonStar Air Heating & Cooling LLC, at the following address(es):

MonStar Air Heating & Cooling LLC
Officer, General Managing Agent
95 County Route 93
New Hampton, NY 10958

Dated: September 29, 2025
New Haven, Connecticut

/s/ *Kari A. Mitchell*
Kari A. Mitchell (ct31578)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2884
kmitchell@npmlaw.com

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                          :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                        :    Case No. 22-50073 (JAM)
:
Debtors.                   :    (Jointly Administered)
:
---------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11                       :
TRUSTEE,                                         :
:    Adv. Proceeding No. 25-05096
Plaintiff,          :
:
v.                                              :
:
MONSTAR AIR HEATING & COOLING LLC,              :
:
:
:
Defendant.         :
---------------------------------------------------------------x

## [PROPOSED] ENTRY OF DEFAULT

It appears from the record that defendant MonStar Air Heating and Cooling LLC (the "Defaulting Defendant") has failed to plead or otherwise defend in this case as required by law.

Therefore, default is entered against the Defaulting Defendant as authorized by Rule 7055 of the Federal Rules of Bankruptcy Procedure.

Dated: _____

_____
Pietro Cicolini
Clerk of Court

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------x
:
In re:                                                            :       Chapter 11
                                                                  :
HO WAN KWOK, *et al.*,[1]                                          :       Case No. 22-50073 (JAM)
                                                                  :
                                     Debtors.                     :       (Jointly Administered)
                                                                  :
------------------------------------------------------------------x
                                                                  :
LUC A. DESPINS, CHAPTER 11                                         :
TRUSTEE,                                                           :
                                                                  :       Adv. Proceeding No. 25-05096
                                     Plaintiff,                   :
v.                                                                :
                                                                  :
MONSTAR AIR HEATING & COOLING LLC,                                :
                                                                  :
                                                                  :
                                     Defendant.                   :
------------------------------------------------------------------x

**CERTIFICATE OF SERVICE REGARDING**
**REQUEST FOR CLERKS ENTRY OF DEFAULT**

The undersigned hereby certifies that on April 7, 2026, the foregoing was filed electronically using the Court's case management/electronic case files system ("CM/ECF"). Notice of the foregoing document was sent at the time of filing to all parties appearing in the above-captioned adversary proceeding automatically via email operation of CM/ECF.

In addition, on April 7, 2026, the foregoing was sent via Federal Express to the Defaulting Defendant at the following address:

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

MonStar Air Heating & Cooling LLC
Officer, General Managing Agent,
95 County Route 93,
New Hampton, NY 10958

Dated:  April 7, 2026                                    LUC A. DESPINS,
       New Haven, CT                            CHAPTER 11 TRUSTEE

                                       By: */s/ Kari A. Mitchell*
Patrick R. Linsey (ct29437)
Kari A. Mitchell (ct31578)
Erin T. Ryan (ct32005)
Douglas S. Skalka (ct00616)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
plinsey@npmlaw.com
kmitchell@npmlaw.com
eryan@npmlaw.com
dskalka@npmlaw.com

2